```
               UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TEXAS
                   SAN ANTONIO DIVISION


BENJAMIN HANSEN,               *
                               *
          Plaintiff,           *
                               *
v.                             *    CIVIL NO. SA-14-CA-01070-FB
                               *
ALAMO MOBILE X-RAY & EKG       *
SERVICES, INC.,                *
                               *
          Defendant.           *
```

## O R D E R

In this case alleging wrongful termination from employment, plaintiff Benjamin Hansen alleges that defendant Alamo Mobile X-Ray and EKG Services, Inc. ("Alamo Mobile") terminated his employment because of Hansen's commitment to the Army Reserve, in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §4301, *et. seq.*, ("USERRA"). Hansen has filed a motion to quash Alamo Mobile's deposition by written questions to Hansen's subsequent employers. (Docket nos. 13, 16). Alamo Mobile has responded with a motion to compel. (Docket no. 15). Having considered the motions, the responses and the applicable law, the Court is of the opinion the motion to quash should be granted and the motion to compel should be denied.

**Background**

According to his complaint, Hansen was employed by Alamo Mobile from approximately September 2013 until his termination in January 2014. At the time he was hired, Hansen was employed by another company making a substantial income, but he decided to change jobs because of the better opportunities promised by Alamo Mobile. Hansen was told when he was hired -- and thereafter -- that there was a significant amount of work and opportunity for him.

Hansen also contends that he is a radiologist specialist for the United States' Army Reserve ("Army Reserve") with a normal commitment to the Army Reserve of one weekend a month. However, in early-January 2014, the Army Reserve was requiring Hansen to attend a drill assembly which was going to mandate that he miss three (3) days of work in February 2014. He provided Alamo Mobile with all the required notices, and requested the time off from the Director of Operations.

Shortly thereafter, Hansen's co-worker sent a text message to Hansen asking for all company property to be returned (cell phone, car keys, equipment, etc.). After numerous attempts over a span of many days to reach the Director of Operations, it was confirmed that Hansen had indeed been terminated. When questioned about the reason for the termination, the Director of Operations could only say that Alamo Mobile was "going in a

different direction." Following Hansen's termination, he obtained employment at CHI Baylor St. Luke's Texas Medical Center, MMDS of Kingsport, LLC, and Urgent Care for Kids, LLC.

In his first cause of action, Hansen alleges that Alamo Mobile intentionally and willfully violated the USERRA by discriminating against him, and terminating his employment because of his membership in the Army Reserve, his performance of services for the Army Reserve, and/or his obligations for the Army Reserve, in violation of 38 U.S.C. §§ 4311, 4312, and 4313. In his second cause of action for fraud, Hansen alleges that Alamo Mobile made material representations that were both false and misleading in order to recruit him to work for Alamo Mobile. He contends that Alamo Mobile knew, or should have known, that such potential misrepresentations would induce Hansen to leave his previous job, and would cause him substantial economic harm.

## Analysis

### 1. Motion to Quash

On August 5, 2015, Hansen received Notices of Subpoena to testify by written questions pertaining to Hansen from CHI Baylor St. Luke's Texas Medical Center, MMDS of Kingsport, LLC, and Urgent Care for Kids, LLC. The subpoenas requested that his subsequent employers provide employment, wage and payroll, and time records, including but not limited to the following:

ANY AND ALL PERSONNEL RECORDS, PAYROLL RECORDS, RECORDS INDICATING PAYMENT OF ANY KIND TO BENJAMIN HANSEN, RECORDS INDICATING SERVICES PROVIDED BY BENJAMIN

HANSEN , ATTENDANCE AND TIME RECORDS, ANY .AND ALL EMPLOYMENT APPLICATIONS AND RESUMES, APPLICATION OR OTHER DOCUMENTS SEEKING CONTRACTUAL RELATIONSHIP, CONTRACTS FOR SERVICES AND/OR EMPLOYMENT, INTERVIEW RECORDS, OFFER LETTERS, DENIALS OF EMPLOYMENT, BACKGROUND CHECK DOCUMENTATION, REFERENCE CONTACTS AND DOCUMENTATION, PRE-EMPLOYMENT OR EMPLOYMENT PHYSICAL, CLA.IMS FOR INJURIES, MEDICAL RECORDS, INTERVIEW RECORDS, FORMS, PERFORMANCE REVIEWS, DISCIPLINARY ACTIONS, CORRESPONDENCE, WAGE AND BENEFIT INFORMATION, W-2S, 1099S, ANY TERMINATION OR RESIGNATION NOTICE, ANY AND ALL OTHER DOCUMENTS REGARDING HIS APPLICATION FOR EMPLOYMENT, EMPLOYMENT WITH,CONTRACTUAL RELATIONSHIP WITH, AND/OR SEPARATION FROM E:MPLOYMENT WITH YOUR COMPANY. THIS IS A REQUEST FOR BENJAMIN HANSEN, DATE OF BIRTH: 05/08/1984, SOCIAL SECURITY#: XXX-XX-6001 ENTIRE PERSONNEL AND PAYROLL FILE.

Hansen does not object to the request for payroll and benefit information from his subsequent employers. However, to the extent that the subpoenas seek information in addition to payroll and benefits information, he objects on the bases that the subpoenas 1) seek information that is not relevant; 2) seek confidential information that is invasive to Hansen's privacy rights; and 3) are overly broad. Moreover, he claims the subpoenas are an attempt by Alamo Mobile to conduct a fishing expedition.

Alamo Mobile seeks to justify the request on several grounds. It argues that Hansen's disciplinary records and the reason for the termination of his employment at his subsequent employers, whether by voluntary resignation or involuntarily termination is relevant to his duty under the USERRA to mitigate his damages. Also relevant, according to Alamo Mobile, is the information Hansen listed as his reason for separation from Alamo Mobile on his job applications to subsequent employers. If he claims that his termination from Alamo Mobile was for reasons other than discrimination, his allegations of

discrimination in this case are less likely to be true.  Alamo Mobile further states that such a discrepancy would bear upon Hansen's credibility.  Additionally, Alamo Mobile contends the qualifications he identified, or did not identify, on his job applications demonstrate whether he attempted to obtain a position of substantially equivalent employment.

    Rule 26(b)(1), Fed.R.Civ.P., provides:

> ... Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.  ***Abraham v. Alpha Chi Omega***, 271 F.R.D. 556, 559 (N.D.Tex. 2010).  Once the moving party establishes that the request is within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted.  ***Id***.

    In general, courts agree that the "after-acquired evidence" defense cannot be utilized in the absence of some basis for believing that wrongdoing has occurred.  ***Sanders v. Dalcraft, LLC***, 2009 WL 1392602, at 2 (N.D.Tex. 2009).  While the evidence

in *Sanders* was sought from a former employer, the Court sees no difference, in light of the reasons Alamo Mobile seeks the discovery, between evidence sought from former employers and subsequent employers.  Here, as in *Sanders*, there is no indication that Hansen made any false or misleading statements to defendant in her employment application, or that the employment applications and position descriptions requested from plaintiffs subsequent employers will reveal evidence of wrongdoing.  Instead, these document requests amount to nothing more than a fishing expedition.  Alamo's Mobile's request for application documents is denied.

Alamo Mobile's subpoenas for Hansen's personnel records, performance reviews, disciplinary records, any termination or resignation notice, and documents related to his resignation, separation or termination from employment shall also be quashed.  As noted in *Richardson v. BBB Group, Inc.*, 2014 WL 1724761 at *1, n.1 (N.D.Tex. 2014), Alamo Mobile's request for Hansen's pay records is certainly relevant to the issues of damages and mitigation; its request to obtain his disciplinary records, performance evaluations, and other performance documents is not relevant.  Also, efforts to use third-party subpoenas to obtain a personnel file and other documents in the hope of impeaching the plaintiff's credibility "amounts to nothing more than a

fishing expedition". *Reynolds v. York*, 2004 WL 1490040, at *1 (N.D.Tex. 2004).

Alamo Mobile cites *McDaniel v. Miss. Baptist Med. Ctr.,* 877 F.Supp. 321, 329 (S.D.Miss. 1995) which held that an ADA plaintiff failed to mitigate damages when he failed to maintain his employment with a subsequent employer due to poor performance. The Court in *McDaniel* was not deciding a discovery issue. In any event, in this case, it is speculative to suggest that Hansen has lost any job due to poor performance. *See Richardson*, 2014 WL 1724761 at *1, n.1 (defendant's assertion that plaintiff's employment records may reveal that her earnings may have been adversely affected by poor performance or disciplinary actions is too speculative to justify discovery).

Alamo Mobile offers no explanation or reasoning behind requesting the remaining documents, including, but not limited to, records indicating services provided by Hansen, attendance and time records, resumes, interview records, offer letters, denials of employment, background check documentation, reference contacts and documentation, pre-employment or employment physical, claims for injuries, medical records, interview records, forms, and correspondence. Hansen's motion to quash is **GRANTED**. Alamo Mobile is prohibited from serving a similar subpoena on Hansen's subsequent and current employers.

**2. Motion to Compel**

Included with Alamo Mobile's response to Hansen's motion to quash is its motion to compel. Although the motion to compel may pertain to the subpoenas which are the subject of the motion to quash, Alamo Mobile has attached Hansen's answers and objections to Alamo's Mobile's first set of interrogatories and first set of requests for production of documents. The discovery requests included an EMPLOYMENT AND EDUCATIONAL RECORDS AUTHORIZATION, an AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS AND INFORMATION and an AUTHORIZATION FOR RELEASE OF PSYCHOTHERAPY RECORDS AND INFORMATION, all of which Hansen refused to sign. To the extent the authorizations request information this Court has found Alamo Mobile is not entitled to discover, the motion to compel is **DENIED**. To the extent the authorizations request a release of information not addressed in this Order, Alamo Mobile should file a separate motion to compel.

It is so **ORDERED**.

**SIGNED** October 7, 2015.

**JOHN W. PRIMOMO**
**UNITED STATES MAGISTRATE JUDGE**