IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENJAMIN HANSEN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:14-cv-01070-FB |
| | § | |
| ALAMO MOBILE X-RAY & EKG | § | |
| SERVICES, INC. | § | |
| Defendant. | § | |

### PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Plaintiff Benjamin Hansen objects to the Magistrate Judge's Memorandum and Recommendation (Doc. 23) filed February 10, 2016. The Magistrate Judge correctly found that Plaintiff had undoubtedly established a *prima facie* case under USERRA; however, he erred in reaching the conclusion that Defendant would have terminated Hansen regardless of his military obligations, as a matter of law.

### I. Arguments and Authorities

**A. The Magistrate Judge applied the wrong legal standard with respect to Defendant's burden on its affirmative defense at the summary judgment level.**

Defendant must do more than identify a legitimate, nondiscriminatory reason for the termination; **it must prove, as a matter of law, a lack of pretext via an affirmative defense**. *Mayeaux v. Houston Indep. Sch. Dist.*, 986 F.Supp.2d 842, 850-851 (S.D. Tex. 2014). In *Mayeaux,* the Southern District of Texas noted the difficulty in prevailing at summary judgment on the USERRA affirmative defense where the defendant has the burden. The Court held that because a jury could find that the plaintiff's military absences were a motivating factor, it was

also for the jury to decide whether the defendant would have terminated her even if she were not serving in the military. *Id.* at 851. Here, the Magistrate Judge found that Hansen had undoubtedly established that his need for time off for his military obligations was a motivating factor in the decision to terminate his employment. Applying the reasoning in *Mayeaux*, it is for the jury to decide whether Defendant would have terminated Hansen absent his need for time off for his military obligations.

Furthermore, the Magistrate Judge's reliance on *Snowman v. IMCO Recycling, Inc.*, 347 F.Supp.2d 338 (N.D. Tex. 2004) is misplaced. The court in *Snowman* did not even reach the issue of the defendant's affirmative defense because it found that the plaintiff had not established his military status was a motivating factor in the decision to terminate his employment. *Id.* at 345. Here, the Magistrate Judge stated, "Undoubtedly, Hansen has established a prima facie case of discrimination under the USERRA." ECF Doc. 23, p. 8. Because he has established his *prima facie* case, the jury must determine whether Defendant would have terminated him regardless of his military obligations.

**B. The Magistrate Judge ignored Plaintiff's evidence of pretext.**

**1. Plaintiff has direct evidence that Defendant terminated his employment because of his need for time off to fulfill his military obligations.**

After Hansen's termination, Hansen's wife called Weatherford and asked what Hansen did wrong and why Weatherford terminated him.[1] <u>Weatherford stated that he terminated Hansen because it irritated him when Hansen demanded time off for his military obligations.</u>[2] This is direct evidence that Defendant's stated reason for Plaintiff's termination is false and that the real reason Defendant terminated Plaintiff's position was because of his need for time off to fulfill his military obligations. In fact, this statement alone is sufficient to place this case before a jury.

---

[1] Lauren Depo., p. 78-79
[2] Lauren Depo., p. 78-79

### 2. The Magistrate Judge failed to acknowledge that Weatherford knew of Hansen's potential need for time off when he allegedly made the decision to terminate Plaintiff's employment in October 2013.

The Magistrate Judge erred he stated that Weatherford was not aware that Hansen needed time off when he allegedly made the decision to terminate Hansen's employment. Pointing to pages 19-20 of Weatherford's deposition, when Weatherford first started in October 2013, he met with Hansen and discussed Hansen's military background.[3] Weatherford confirmed this initial conversation in October 2013 included Hansen stating that "he's a Veteran, he's got obligations, and **he's going to need some time off**."[4] Hansen then confirmed the exact dates in February that he would need off in or about December 2013.[5] This is sufficient evidence to show that Weatherford knew that Hansen was going to need time off for his military obligations <u>before</u> he allegedly made the decision to terminate Hansen's employment. This, coupled with the discriminatory statements made by Weatherford after Hansen was terminated, is sufficient evidence to create a fact issue on Defendant's affirmative defense.

### 3. Defendant's stated reason for Plaintiff's termination is false because 1) there was no Houston office, 2) Weatherford never asked Plaintiff to drop off the shared vehicle at an office location, and 3) Hansen never refused to comply with Weatherford's orders to drop off the shared vehicle at an office location.

The Magistrate Judge ignored Plaintiff's additional evidence of pretext. Specifically, to show that Defendant's stated reason for termination was false, Plaintiff presented evidence that the alleged events that led to his termination never happened. Defendant stated that Weatherford made the decision to terminate Hansen's employment after he continued to refuse to drop the shared company vehicle off at a central office location in Houston. However, during Hansen's

---

[3] Deposition of John Weatherford ("Weatherford Depo."), p. 19.
[4] Weatherford Depo., p. 19-20.
[5] Hansen Depo., p. 53, App. p ; Lauren Depo., 34-35

employment, Defendant did not utilize an office location in Houston.[6] At no time did Weatherford instruct Hansen to drop the x-ray vehicle at an office location and Hansen certainly never refused to do so.[7] In fact, the alleged location of the office was in between Dickinson and Katy, which would have made Hansen's daily commute much shorter.[8] This is evidence of pretext that requires this issue to go before a jury.

### 4. Defendant's failure to follow its progressive disciplinary policy is evidence of pretext.

The Magistrate Judge completely disregarded Fifth Circuit authority which states that there is evidence of pretext when an employer fails to follow its own policies. In *Machinchick v. PB Power, Inc.,* 398 F. 3d 345 (5th Cir. 2005), the Fifth Circuit held that a defendant who did not follow its written progressive disciplinary policy created an **inference of pretext**. Just as in *Machinchick*, Defendant's failure to follow its own internal policy that specifically states that it should be followed with respect to most disciplinary problems creates in inference that Weatherford's stated reasons for termination were merely pretext and the real reason for termination was Plaintiff's need for time off for his military obligations. It is not "immaterial" as the Magistrate Judge suggests; it is competent summary judgment evidence of pretext.

### C. The Magistrate Judge took Defendant's evidence as true and improperly weighed the evidence.

In his Memorandum and Recommendation, the Magistrate Judge took Defendant's facts as true rather than taking the facts in a light most favorable to Hansen. In fact, when Hansen presented facts and evidence that clearly created a fact issue, the Magistrate Judge labeled the evidence as "immaterial." The Court is <u>required</u> to view the facts in a light most favorable to Hansen and to draw all reasonable inferences in his favor. *Reeves v. Sanderson Plumbing*

---

[6] Hansen Depo., p. 45
[7] Hansen Affid.
[8] Hansen Affid; Google Map

*Prods., Inc.*, 530 U.S. 133, 150 (2000).  Again, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Tolan v. Cotton*, 134 S. Ct. 1861, 1868 (2014).

## V. CONCLUSION & PRAYER

Plaintiff has sufficient evidence to create a fact issue on whether Defendant would have terminated his employment regardless of his need for time off for his military obligations. Because the Magistrate Judge erred, the District Court should reject the Magistrate Judge's recommendations and deny Defendant's Motion for Summary Judgment.

Respectfully submitted by:

 /s/ Robert (Bobby) Lee
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@l-b-law.com
**Megan Dixon**
State Bar No. 24079901
dixon@l-b-law.com
**Lee & Braziel, LLP**
1801 N. Lamar, Suite 325
Dallas, TX 75202
Telephone: (214) 749-1400
Telecopier: (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 24, 2016, a true and correct copy of the foregoing document was sent via electronic filing to the following attorney of record:

Bruce A. Griggs
Daniel Verrett
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
Tel: 512.344.4700
Fax: 512.344.4701
bruce.griggs@ogletreedeakins.com

 /s/ Robert (Bobby) Lee
**Robert (Bobby) Lee**