IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENJAMIN HANSEN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:14-cv-01070-FB |
| | § | |
| ALAMO MOBILE X-RAY & EKG | § | |
| SERVICES, INC. | § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION**

Plaintiff Benjamin Hansen ("Hansen") files this reply to Defendant's Response to Plaintiff's Objections to Magistrate judge's Memorandum and Recommendation.

## I.  Introduction

Alamo knew Hansen would need time off for his military obligations in October 2013, **before** Alamo alleges it made the decision to terminate his employment. Alamo continues to focus on when it knew the specific dates of Hansen's February 2014 military leave, but this is a disingenuous argument. The focus is whether Alamo knew Hansen would need time off for his military obligations at the time it made the decision to terminate his employment. It is undisputed that it did. Moreover, Alamo's reasons for termination are not legitimate because the events that led to its decision to terminate never happened, and Hansen has competent summary judgment evidence that these stated reasons are merely pretext.

## II. Arguments and Authorities

### A. The Magistrate Judge held Hansen established his military leave was a motivating factor behind Alamo's adverse employment action.

In his Memorandum and Recommendation, the Magistrate Judge stated the burden shifting test under USERRA. "The USERRA entails a burden shifting test, in which a plaintiff must first establish a prima facie case of discrimination, demonstrating that his participation as a service member was a motivating factor behind the employer's adverse employment action." ECF. Doc. 23, p. 5 (citing *Benitez v. Int'l Paper Co.*, No. EP-06-CA-838-DB, 2007 WL 4436874, at *3 (W. D. Tex. Dec. 19, 2007). Based on Hansen's evidence, the Magistrate Judge found that, "Undoubtedly, Hansen has established a prima facie case of discrimination under the USERRA." ECF Doc. 23, p. 8. Thus, the Magistrate Judge held that Hansen established that his military obligations were a motivating factor behind Alamo's adverse employment action.

### B. Weatherford knew of Hansen's need for time off when he allegedly made the decision to terminate Hansen's employment in October 2013.

Weatherford testified that he knew Hansen was going to need time off for his military obligations when he first met with Hansen in October 2013.[1] Specifically, Weatherford testified that his initial conversation in October 2013 included Hansen stating that "he's a Veteran, he's got obligations, and **he's going to need some time off**."[2] It was after this conversation that Alamo alleges it made the decision to terminate Hansen's employment.

The Magistrate Judge stated that this initial conversation only included a discussion about Hansen's military duty in a general sense, but Weatherford confirmed that he knew Hansen would need time off to fulfill his obligations. The focus is not when he knew he would need the February time off; rather, the focus is whether Weatherford knew he would need time off when

---

[1] Weatherford Depo., p. 19-20, App. 44-45.
[2] Weatherford Depo., p. 19-20, App. 44-45.

the decision to terminated his employment. This conversation, in addition to the numerous other facts identified in Hansen's Summary Judgment Response and Objections to Magistrate Judge's Memorandum and Recommendation, firmly establishes that Hansen's need for time off to fulfill his military obligations was a motivating factor in the decision to terminated his employment.

    **C.    Fifth Circuit precedent states that an employer's failure to follow its own internal policies is evidence of pretext.**

Alamo has the burden of proving its decision to terminate Hansen lacked pretext as an affirmative defense. *Mayeaux v. Houston Indep. Sch. Dist.*, 986 F.Supp.2d 842, 850-851 (S.D. Tex. 2014). Alamo simply cannot meet this high burden because Hansen presented evidence that the stated reason for termination was false, Weatherford admitted the reason for termination was because of his demand for military time off, and Alamo failed to follow its own internal policies.

In its Response to Hansen's objections, Alamo tries to distinguish this case from the facts in *Machinchick v. PB Power, Inc.,* 398 F. 3d 345 (5th Cir. 2005). Alamo is correct when it stated that the *McDonnell Douglass* burden shifting framework does not apply. Under that framework, the burden is on the plaintiff to prove pretext. Under USERRA, **the burden remains on the defendant to prove lack of pretext.**

While *Machinechick* may involve a cause of action under the ADEA, the rule of law is the same - the failure to follow an internal policy creates an inference of pretext. *See also*, *Quezada v. Earnhardt El Paso Motors, LP*, 592 F. Supp. 2d 915, 293 (W. D. Tex. 2009) ("And as Plaintiff correctly notes, an inference of pretext arises when an employer fails to follow its own internal company policy."); *Russell v. McKinney Hosp. Venture*, 235 F. 3d 219, 225 (5th Cir. 2000) (finding that failure to follow internal progressive disciplinary procedures was evidence of pretext). Alamo stated that it terminated Hansen for performance issues, but it is undisputed that Alamo did not follow its progressive disciplinary procedures with Hansen. This,

in addition to Hansen's other evidence of pretext, makes it clear that there are genuine issues of material fact on whether Alamo has met its burden to establish lack of pretext, which makes summary judgment on Hansen's USERRA claim wholly inappropriate.

### III.     CONCLUSION & PRAYER

Plaintiff has sufficient evidence to create a fact issue on whether Defendant would have terminated his employment regardless of his need for time off for his military obligations. Because the Magistrate Judge erred, the District Court should reject the Magistrate Judge's recommendations and deny Defendant's Motion for Summary Judgment.

Respectfully submitted by:

 /s/ Robert (Bobby) Lee
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@l-b-law.com
**Megan Dixon**
State Bar No. 24079901
dixon@l-b-law.com
**Lee & Braziel, LLP**
1801 N. Lamar, Suite 325
Dallas, TX 75202
Telephone: (214) 749-1400
Telecopier: (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2016, a true and correct copy of the foregoing document was sent via electronic filing to the following attorney of record:

Bruce A. Griggs
Daniel Verrett
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
Tel: 512.344.4700
Fax: 512.344.4701
bruce.griggs@ogletreedeakins.com

 /s/ Robert (Bobby) Lee
**Robert (Bobby) Lee**